# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1706V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KAYLAN BRODNAX, | * | |
| | * | Special Master Corcoran |
| Petitioner, | * | Filed: November 16, 2018 |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*David J. Schexnaydre*, Schexnaydre Law Firm, Mandeville, LA, for Petitioner.

*Robert P. Coleman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On December 29, 2016, Kaylan Brodnax ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the influenza ("flu") vaccine she received on October 7, 2014, caused her to suffer from transverse myelitis ("TM"). Petition at 1. The parties filed a stipulation for damages on August 6, 2018, which I adopted as my Decision awarding damages on August 9, 2018 (ECF No. 28).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorneys' fees and costs, dated September 20, 2018 (ECF No. 33) ("Fees App."), requesting a total award of $25,682.90 (representing $23,898.00 in attorney's fees, plus $1,784.90 in costs). Fees App. Ex. 1 at 18. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. ECF No. 35 at 3. Respondent reacted to the motion on September 21, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 34, at 2-3. Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$24,485.90**.

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests the following rates of compensation for her attorney, Mr. Schexnaydre: $275.00 per hour for work performed in 2015, and $250.00 per hour for work performed in 2016-2018. Fees App. Ex. 1 at 18. Petitioner also requests that all paralegals who performed work on this case be compensated at $110.00 per hour for work performed in 2015, and $100.00 per hour for work performed in 2016-2018. *Id.* The requested rates are reasonable for an attorney with Mr. Schexnaydre's experience, and other special masters who have considered his rates have found them to be reasonable. *See Pittman v. Sec'y of Health & Human Servs.*, No. 17-611, slip op. at 3 (Fed. Cl. Spec. Mstr. Nov. 13, 2018); *Chiasson v. Sec'y of Health & Human Servs.*, No. 16-25V, 2016 WL 7785617 (Fed. Cl. Spe. Mstr. Dec. 21, 2016); *Crefasi v. Sec'y of Health & Human Servs.*, No. 15-166V, 2015 WL 10739330 (Fed. Cl. Spec. Mstr. Dec. 15, 2015). The requested paralegal rates are also reasonable. Accordingly, no adjustment to the requested rates is required.

The amount of hours expended on this matter appears to be largely reasonable, but some minor adjustments should be made. First, it appears that a paralegal billed time devoted to making an online payment for medical records on July 8, 2015. Fees App. Ex. 1 at 4. This task is considered administrative/clerical in nature and is not compensable in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Jones v. Sec'y of Health & Human Servs.*, No. 17-358V, 2018 WL 5816829 (Fed. Cl. Spec. Mstr. Sept. 28, 2018). This results in a reduction of **$22.00**.

Next, Mr. Schexnaydre has two entries which appear to be excessive in my experience – on April 28, 2017, Mr. Schexnaydre billed 1.0 hours for "Draft and e-file Exhibit List for exhibits 16-18," and then on May 18, 2017, he billed 0.7 hours for "Draft notice of filing exhibit 19 and prepare exhibit for same." Fees App. Ex. 1 at 14-15. The notice of filing and exhibit list filed are both one-page documents (excluding the attached medical records), and it is unlikely that preparation of either took longer than 0.2 hours. Additionally, to the extent that these billing entries include time spent scanning medical records in preparation for filing, such a task is also considered administrative and thus non-compensable. *Rochester*, 18 Cl. Ct. at 387. I will therefore credit Mr. Schexnaydre for 0.2 hours for each of these tasks. This results in a reduction of **$325.00**.

Finally, Mr. Schexnaydre billed for 3.0 hours of travel time at his full hourly rate on January 22, 2016. Fees App. Ex. 1 at 8. "When case-related work is performed during travel, the time sheets should reflect the work performed and the hours spent performing it." *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *7 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (quoting *Gruber ex rel. Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 788 (2010)). And "[a]bsent documentation of the work performed by an attorney while he or she was traveling, the attorney will not be compensated at his or her full hourly rate for travel time." *Id.* Instead, those travel hours will be compensated "at one-half the standard hourly rate." *Id.* There is no indication that Mr. Schexnaydre was performing work on this case during his travel time. Accordingly, Mr. Schexnaydre will be compensated at half of his normal rate for the time spent

3

traveling, resulting in a reduction of **$375.00**. Taking into account these deductions, Petitioner is entitled to an award of attorney's fees in the amount of **$23,176.00**.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners request $1,784.90 in overall costs. Of this amount, $600.00 is for a meeting with Dr. Charles Eberly, Petitioner's treating neurologist. Fees App. Ex. 2 at 8. At this meeting, Mr. Schexnaydre and Dr. Eberly discussed the topic of medical causation. Fees App. Ex. 1 at 8. The submitted invoice indicates that this was in compensation for a 15 minute meeting – essentially, Petitioner is requesting compensation for Dr. Eberly at a rate of $2,400.00 per hour.

Such a rate is excessively high. Had Dr. Ebberly been retained as an expert to offer a causation opinion and/or testify at hearing, he would not have been able to receive more than $500.00 per hour, an amount that is awarded infrequently and only to experts with demonstrated experience testifying in Vaccine Program cases. *See, e.g., Rosof v. Sec'y of Health & Human Servs.*, No. 14-766V, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017) (Noting that awarding $500.00 per hour for an expert in the Program is rare). Thus, presuming that Dr. Eberly is deserving of an hourly rate of $500.00, the maximum amount that could be awarded for a 15 minute meeting would be $125.00. I will award this amount for two reasons – first, as one of Petitioner's treating physicians, Dr. Eberly's advice and opinion no doubt played a valuable role in formulating Petitioner's case and ultimately obtaining a settlement; second, Mr. Schexnaydre billed 0.8 hours for meeting with Dr. Eberly, indicating that Dr. Eberly may have been generous with his time when meeting with Mr. Schexnaydre but did not bill for all of the time devoted to th meeting. Fees App. Ex. 1 at 8.[4]

Accordingly, I will compensate Petitioner for this cost at $125.00. This results in a reduction of costs of **$475.00**. The remainder of the costs (consisting of medical records and the

---

[4] I reserve the right to re-examine Dr. Eberly's hourly rate in future cases in light of the work performed in that particular case, and am not determining at this time that he should appropriately receive $500 per hour for Vaccine Act work.

4

Court's filing fee) are reasonable, and Petitioner has provided adequate documentation for all. Thus, Petitioner is entitled to a final award of costs of **$1,309.90**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$24,485.90** (representing $23,176.00 in attorney's fees and $1,309.90 in costs) as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Mr. David Schexnaydre, Esq. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                        /s/ Brian H. Corcoran
                                                         Brian H. Corcoran
                                                         Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.